*People v Rayam,* 94 NY2d 557, 563 n [2000]). Nevertheless, we find that the jury's mixed verdict does not warrant a different result. "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (*People v Horne,* 97 NY2d 404, 413 [2002]; *see also People v Hemmings,* 2 NY3d 1, 5 n [2004]).

The People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom during an undercover officer's testimony (*see e.g. People v Ramos,* 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York,* 522 US 1002 [1997]). Instead of a complete closure, the court permitted defendant's family members and other persons specified by defendant to attend, subject to appropriate screening measures. This satisfied the court's duty to consider reasonable alternatives to full closure (*see People v Mickens,* 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011]; *People v Manning,* 78 AD3d 585, 586 [2010], *lv denied* 16 NY3d 861 [2011]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CABAN, Appellant. [931 NYS2d 222]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Saunders,* 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TORRES, Appellant. [931 NYS2d 223]—

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKSON JORDAN, Appellant. [931 NYS2d 223]—

The totality of the voir dire record demonstrates that defendant made a valid waiver of his right to be present at sidebar discussions with prospective jurors (*see People v Antommarchi*, 80 NY2d 247 [1992]).

In any event, defendant could not have been prejudiced by his absence from the four sidebar conferences at issue, because in each instance he could not have made a meaningful contribution (*see People v Roman*, 88 NY2d 18, 26-27 [1996]). Three of the panelists were effectively disqualified by the court for cause as a result of their expressed concern that they could not be impartial (*see People v Garcia*, 265 AD2d 171 [1999], *lv denied* 94 NY2d 862 [1999]).

The remaining panelist became a sworn juror, but was replaced by an alternate prior to deliberations. Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT BLOW, Appellant. [931 NYS2d 224]—